## STATE ex CENTERVILLE (Village) v BRADFORD (Mayor)

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1594. Decided Sept. 27, 1939

M. H. Bridge, Dayton, for relator.
Louis E. Bradford, Centerville, for respondent.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an original action in mandamus, the same being submitted

on relator's petition and respondent's answer.

It appears from the pleadings that on the 11th day of August, 1939, the deputy marshall of the village of Centerville, Ohio, presented to the respondent an affidavit charging that one Dale E. Knoche of the city of Dayton in the County of Montgomery and State of Ohio, did on or about the 4th day of July, 1939, unlawfully operate a motor vehicle upon Main Street in said village of Centerville at a rate of speed greater than was reasonable and proper, to-wit, at 46 miles per hour, from Bradford's Lane to south corporation limits where the maximum prima facie lawful speed is 35 miles per hour, contrary to the form of the ordinance of said village in such cases made and provided; and that he, the said Dale E. Knoche, was guilty of the offense charged.

At the time of presentation to the respondent of said affidavit a request was made that he issue to the marshall of said village a warrant for the arrest of Dale E. Knoche; said respondent refused to issue said warrant for the claimed reason that under §1579-86, GC, he is forbidden so to do. The above referred to section reads as follows:

"Sec. 1579-86. Justice of the Peace No Jurisdiction in the City of Dayton. No justice of the peace in any township in Montgomery County, or any mayor of any village or city in said county shall have jurisdiction in any proceeding, whether civil or criminal, to issue any warrant, order of arrest, summons, order of attachment or garnishment or other process, except subpoena for witnesses directed against any person a resident of the city of Dayton and in proceedings to collect the judgment of such justices of the peace."

By agreement the cause was argued orally on transfer to Franklin County, the village solicitor appearing on behalf of relator and the mayor respondent appearing on behalf of himself. The sole and only question raised

through the pleadings is the constitutionality of said §1579-86 GC.

It is our judgment that the above section is in contravention of **Section 26 of Article II of the Constitution of Ohio.**

Said section reads in part as follows:

"All laws of a general nature shall have a uniform operation throughout the state."

The section offends in that in its operation it selects certain citizens residing in Dayton, Ohio, who are not amenable to law.

Every other person in the world could be made to respond to a violation of an ordinance within the village of Centerville, but if such a culprit had happened to live in Dayton, then he would be immune from arrest and prosecution.

It seems to us that the unconstitutionality of this section is so apparent that nothing more need be said.

Counsel in his oral argument referred to two Montgomery County court proceedings wherein this section was under consideration. A copy of the written opinions has been furnished us. The first decision was by Judge Snediker and the second by Judge Mills. Apparently in neither case was the constitutionality of the section under consideration; at least no reference is made thereto in either opinion. Both Judge Snediker and Judge Mills held that the section was inoperative by reason of their finding that it was repealed by implication. The effective repealing section is cited as §13422-2 GC. This section is contained in the General Act "To revise and codify the code of criminal procedure of Ohio." (See Volume 113, p. 123.) The act was passed April 21, 1929, and became effective April 22, 1929. The section above referred to is general in its character and defines the jurisdiction of justices of the peace. The sections of the Code providing for jurisdiction of Mayors is

found in §§4535 GC to 4549 GC, inclusive. Under the above sections the mayor of Centerville is given full jurisdiction to issue warrants, hear and try offenders against municipal ordinances.

If it properly be determined that §1579-86 GC takes away the jurisdiction of the mayor in cases involving violation of the ordinances of such village, then no other court or tribunal would have jurisdiction.

As heretofore stated we hold §1579-86 GC to be unconstitutional for the reason that it does not have uniform operation.

Entry may be presented accordingly.

HORNBECK, PJ. & GEIGER, J., concur.